## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON

**DESMOND D. CLARK,**

       **Petitioner,**

**v.**

                                        **Case No. 2:14-cv-02282**

**DAVID BALLARD, Warden,**
**Mount Olive Correctional Complex,**

       **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1), which was filed on the petitioner's behalf by counsel, Sherman D. Lambert, Sr., on January 16, 2014. This matter is assigned to the Honorable John T. Copenhaver, Jr., and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On March 19, 2014, the respondent was ordered to file an answer or other pleading solely on the issue of timeliness of the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, and the exhaustion of state court remedies, on or before June 5, 2014. (ECF No. 4).

On May 22, 2014, the respondent filed his Response to the Petition for Writ of Habeas Corpus (ECF No. 5), stating his position that the petitioner's section 2254

petition was untimely filed and, thus, a discussion concerning exhaustion of state court remedies was unnecessary.  The respondent also filed a Motion to Dismiss Petition as Untimely Filed (ECF No. 6) and a Memorandum of Law in support thereof (ECF No. 7).

The undersigned's March 19, 2014 Order set a deadline for the petitioner to file a reply to the respondent's Answer by July 7, 2014.  (ECF No. 4 at 1).  As of today's date, the petitioner has not filed any responsive document.  This matter is ripe for adjudication.

## ANALYSIS

### A.   The one-year statute of limitations under section 2244(d)(1).

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA").  The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).  Because the petitioner was convicted after the enactment of these provisions, his petition is subject to these requirements.

### B.     The petitioner's petition is untimely under section 2244(d).

The respondent's Motion and Memorandum of Law assert that the petitioner's section 2254 petition was untimely filed under 28 U.S.C. § 2244(d)(1).  The respondent's assertion that the petition is untimely is based upon the following procedural history, as detailed in the respondent's motion documents:

On November 14, 2008, the petitioner was indicted by a Kanawha County grand jury on two counts of wanton endangerment, one count of kidnapping and one count of murder in the first degree with a firearm.  (*State v. Clark*, Case No. 08-F-556).  (ECF No. 6, Ex. 1).  On March 30, 2009, the petitioner pled guilty to the offense of murder in the first degree and the remaining three counts of the indictment were dismissed on the motion of the State of West Virginia.  (*Id.*, Ex, 2).  The Guilty Plea Order recited that the petitioner understood that he faced a sentence of life in prison without parole.  (*Id.*)

On July 2, 2009, the petitioner was sentenced to life in prison, without the possibility of parole.  (*Id.*, Ex. 3).  A motion to reconsider sentence was denied by the trial court on November 10, 2009.  (*Id.*, Ex. 4).

The petitioner did not file a Petition for Appeal in the Supreme Court of Appeals of West Virginia (the "SCAWV").  However, on October 13, 2011, the petitioner filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Kanawha County, raising

3

claims of ineffective assistance of counsel concerning the failure to present mitigating evidence and to investigate the petitioner's medical/mental condition.  (*Id.*, Ex. 5). Following an omnibus hearing at which the petitioner was represented by counsel, the state habeas petition was denied by final order entered on April 12, 2012.  (*Id.*)

The denial of the petitioner's state habeas petition was affirmed by the SCAWV in a Memorandum Decision issued on June 7, 2013.  (*Id.*, Ex. 6).  The SCAWV issued its mandate on July 8, 2013.  (*Id.*, Ex. 7).  The petitioner then filed the instant section 2254 petition on January 16, 2014.  (ECF No. 1).

The respondent asserts that the petitioner's section 2254 petition is untimely. The undersigned agrees.  However, the undersigned believes that the respondent has improperly calculated the date upon which the one-year statute of limitations concerning the petitioner's section 2254 petition expired.

The respondent's calculation acknowledges that the petitioner filed a motion for reconsideration of sentence, which was denied on November 10, 2009.  The petitioner then had four months in which to file a Petition for Appeal in the SCAWV, or until March 11, 2010.  However, the petitioner did not file a direct appeal at all.  The respondent's calculation contends that the petitioner would have also had an additional 90 days in which to file a Petition for a Writ of Certiorari in the United States Supreme Court.  The undersigned disagrees.  A petitioner who does not take advantage of filing a direct appeal to the state's highest appellate court, even where such review is discretionary, cannot thereafter petition for a writ of certiorari in the Supreme Court. Rule 13.1 of the United States Supreme Court Rules provides as follows:

> Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, *entered by a state court of last resort* . . . is timely filed with the Clerk of this Court within 90 days after entry of the judgment.  A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days *after entry of the order denying discretionary review.*

SUP. CT. R. 13.1 [Emphasis added].

Thus, for purposes of the AEDPA statute of limitations calculation, the undersigned believes that the petitioner's judgment became final on the last day on which he could have filed a Petition for Appeal in the SCAWV, which was March 11, 2010.  Accordingly, the AEDPA statute of limitations began to run on March 12, 2010, and ran uninterrupted until it expired 365 days later on March 11, 2011.

Thus, the statute of limitations under 28 U.S.C. § 2244(d)(1)(A) had already expired at the time that the petitioner filed his circuit court habeas corpus petition, and that petition and the appeal therefrom did not toll the statute of limitations.  Therefore, the petitioner's section 2254 petition, which was filed on January 16, 2014 (nearly three years after the expiration of the statute of limitations), is clearly untimely under 28 U.S.C. § 2244(d)(1)(A).  Furthermore, none of the conditions set forth in the other subsections of section 2244(d)(1) appear to be applicable in this case.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the respondent's Motion to Dismiss the Petition as Untimely Filed (ECF No. 6) and **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) with prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the district court and a waiver of appellate review by the circuit court of appeals.  *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on the opposing party and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Petitioner, and to transmit a copy to counsel of record.

 November 20, 2014

Dwane L. Tinsley
United States Magistrate Judge